IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| GARRY COBLENTZ, | : | |
| | | ORDER AND MEMORANDUM |
| Petitioner, | : | DECISION DENYING § 2255 PETITION |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | Civil Case No. 2:08-CV-00598-TC |
| Respondent. | | Criminal Case No. 2:06-CR-00484-TC |

Petitioner Garry Coblentz pleaded guilty to one count of possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g). The court sentenced Mr. Coblentz to 180 months in prison.[1]  Mr. Coblentz has now filed a petition under 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel.

---

[1] The Tenth Circuit Court of Appeals affirmed Mr. Coblentz's sentence in United States v. Coblentz, No. 07-4177 (10th Cir. Apr. 17, 2008). In it's decision, the Tenth Circuit set forth the underlying facts. The court will not repeat those facts except where necessary to explain its decision.

Mr. Coblentz, proceeding pro se, argues that his counsel was ineffective because his counsel advised him against withdrawing his guilty plea even though the court had previously advised him that he faced a maximum ten-year term when, in fact, the court was required to impose a minimum sentence of fifteen years.

The court recognizes that pro se litigants' pleadings should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173 (10th Cir. 1997). But even under this more lenient standard, the court concludes that Mr. Coblentz's petition must be denied because, as discussed below, he has failed to show that his attorney's performance was ineffective and he has failed to show that his counsel's alleged errors caused prejudice.

ANALYSIS

"To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." United States v. Harfst, 168 F.3d 398, 402 (10th Cir. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "An ineffective claim may be resolved on either performance or prejudice grounds

alone." <u>United States v. Kennedy</u>, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing <u>Fox v. Ward</u>, 200 F.3d 1286, 1295 (10th Cir. 2000)).

To satisfy the first prong of this test, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. For the second prong a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

INEFFECTIVE ASSISTANCE

Mr. Coblentz argues that his attorney was ineffective during his sentencing for a number of reasons.[2] First, he contends that he wanted to withdraw his guilty plea and his attorney talked him out of doing so. He does not identify any evidence in the record to support this allegation. He then argues that his attorney told him he had a chance to appeal, but the appeal was found to be frivolous.

    1. <u>Withdrawal of Guilty Plea</u>

Mr. Coblentz is correct that the court erroneously advised him at his change of plea hearing that the maximum sentence that could be imposed was ten years. (Change of Plea Hr'g Tr. 8, Apr. 2, 2007; Statement Def. Advance Plea Guilty 1,

---

[2]Kristen R. Angelos of the Utah Federal Defender Office was Mr. Coblentz's attorney.

Apr. 2, 2007.)

But the record shows that long before the sentencing hearing, Mr. Coblentz was aware that he faced a mandatory fifteen-year sentence and despite this increase in sentence, he knowingly and voluntarily made the decision not to withdraw his guilty plea. In May 2007, the government filed a sentencing memorandum in which it took the position that although a fifteen-year sentence was mandated by statute, the government stipulated that Mr. Coblentz be allowed to withdraw his guilty plea. (United States v. Coblentz, Criminal Case No. 2:06-CR-00484-TC, Dkt. # 17.)  Defense counsel promptly filed a response, acknowledging that Mr. Coblentz could withdraw his plea but arguing that the better remedy was for the court to sentence Mr. Coblentz to ten years in custody, as the parties had originally believed was the correct sentence. (Id., Dkt. # 20.)

Moreover, at Mr. Coblentz's sentencing hearing, the court took care to insure that Mr. Coblentz knew he could withdraw his guilty plea:

> The Court:   All right. So, Mr. Coblentz, come on up. I want to make sure that this is your choice too. There is no way that I can give you ten years because for the reasons I've discussed I believe that it would be illegal, and the other reasons. There is no way I

> could give you a sentence that is lower than 15 years because that would be illegal. I know that when you entered into this plea, although there was – I told you that the – what the sentence would be depending on me, I did also tell you that there would be a ten year minimum mandatory. That's not correct. So, therefore, you're looking at a possibility of a higher sentence. I'm giving you, as I've just said, the chance to withdraw your plea of guilty, and to see if you want to go to trial, or you certainly can go forward with sentencing, but bearing in mind that I cannot give you anything that is lower than 15 years, okay?

The Defendant: Yes.

The Court: All right. And do you want to withdraw your guilty plea, go to trial, or – Do you agree that he has a right to appeal, Mr. Huber?

Mr. Huber: He has a right to appeal whether you've issued a legal sentence, the usual rights that attend a guilty plea, Judge.

The Court: Okay. So you can either push with an appeal after I sentence

you, or you can go to trial and see what happens. And I, once

again, if you're convicted would be sentencing you, and if not,

you have your right to appeal. Have you made a decision?

The Defendant:     Yes. Go with sentence today.

(Sentencing Hr'g Tr. 17-18, Aug. 6, 2007, 2:06-CR-00484-TC, Dkt. No. 34.)

Based on these facts, the court concludes that Mr. Coblentz himself made the decision not to withdraw his guilty plea and therefore has not shown that his counsel was ineffective.

2. The Appeal

Mr. Coblentz claims that his attorney was ineffective because she told him he "had a chance on appeal. Don't worry." (Pet. Br. 5.) His attorney filed an Anders brief with the Tenth Circuit. Coblentz has failed to show how his attorney's actions caused him prejudice. On appeal, the Tenth Circuit reviewed the merits of Mr. Coblentz's case and concluded "that there is no nonfrivolous issue related to Coblentz' fifteen year mandatory statutory sentence which could form the basis for an appeal." United States v. Coblentz, No. 07-4177 at 2 (10th Cir. Apr. 17, 2008).

For the above reasons, Mr. Coblentz's petition is DENIED.

SO ORDERED this 18th day of November, 2008.

                           BY THE COURT:

                           */s/ Tena Campbell*

                           TENA CAMPBELL
                           Chief Judge